JONATHAN E. MADISON, ESQ. (SBN #311553)
THE MADISON FIRM
345 California St., Suite 600
San Francisco, California 94104
Phone: (415) 779-3177
Fax: (415) 276-3062
Email: jmadison@themadisonfirm.com

Attorneys for Plaintiff,
FULL STANDARD PROPERTIES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FULL STANDARD PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SJ 6070, LLC,<br><br>Defendant. | CASE NO.: 25-cv-09451-BLF<br><br>**DECLARATION OF JONATHAN MADISON IN RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>Date: July 23, 2026<br>Time: 9:00 a.m.<br>Judge: Hon. Judge Beth Labson Freeman |

I, Jonathan E. Madison, declare:

1.  I am an attorney duly licensed to practice before this Court and am counsel of record for Plaintiff Full Standard Properties, LLC. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.

2.  First and foremost, I again sincerely apologize to the Court for the citation issues that gave rise to the Court's Order to Show Cause. Regardless of how those errors occurred, I accept responsibility for the filings submitted under my name. For that reason, I am willing to pay appropriate and reasonable sanctions to compensate Defendant for work reasonably incurred in identifying and addressing the citation issues.

//

1

DECLARATION OF JONATHAN MADISON

3.  I acknowledge that Defendant reasonably incurred attorney time reviewing Plaintiff's opposition, researching the cited authorities, identifying the citation issues, and bringing those issues to the Court's attention. I do not dispute that some compensation is appropriate.

4.  However, I respectfully submit that Defendant's fee request substantially exceeds the fees reasonably attributable to the citation issues themselves.

5.  Notably, Defendant seeks sanctions pursuant to 28 U.S.C. § 1927. By its own terms, that statute permits recovery only of the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The statute does not authorize reimbursement for all attorney time incurred in the litigation, nor does it permit recovery for work that would have been performed regardless of the conduct at issue.

6.  Many of the time entries submitted by Defendant's counsel concern matters unrelated to the citation errors and instead involve work associated with the underlying litigation. For example, counsel billed time for reviewing tax obligations, evaluating loan default issues arising from unpaid property taxes, assessing remedies under the loan documents, discussing case strategy concerning the promissory note, reviewing general case status, and participating in internal strategy conferences. Those activities relate to the merits of the underlying dispute and would have been incurred regardless of the citation issues that are the subject of this Order to Show Cause. They are not "excess costs" incurred because of the citation errors.

7.  Defendant also seeks recovery for time spent preparing and filing the fee request itself, reviewing the Court's orders, reviewing and supplementing billing records, preparing fee matrices, and addressing matters related to the sanctions proceedings after the citation issues had already been identified and presented to the Court. While some of that work may be compensable, the amount claimed is excessive and goes well beyond the work necessary to identify and address the citation issues.

8.  In addition, the billing records reflect multiple attorneys and staff members reviewing the same issues, discussing the same matters internally, and attending to overlapping tasks. While Defendant is free to staff its case as it chooses, I respectfully submit that the resulting duplication of effort should not be shifted in full as a sanctions award. The statute authorizes recovery only of

2

DECLARATION OF JONATHAN MADISON

fees reasonably incurred because of the conduct at issue, not inefficiencies created by overstaffing or overlapping review.

9. The purpose of sanctions is to compensate a party for fees reasonably caused by the conduct at issue, not to provide a windfall or convert the sanctions process into a fee-generating exercise. Any award should therefore be limited to those fees directly and reasonably incurred as a result of the citation issues themselves.

10. I further submit that the circumstances here do not involve bad faith, intentional misconduct, or a deliberate attempt to mislead the Court. Rather, they involve a failure of review and supervision that I deeply regret and for which I have accepted responsibility.

11. In recognition of the Court's concerns and the work reasonably performed by Defendant in identifying and bringing the citation issues to the Court's attention, I am willing to compensate Defendant for a reasonable portion of those fees. Based upon the record before the Court, I respectfully submit that an award in the amount of $5,000.00 would fairly compensate Defendant for the work directly attributable to the citation issues while avoiding compensation for excessive, duplicative, or unrelated work.

12. I respectfully ask the Court to consider my acceptance of responsibility, my cooperation in addressing the issue, the absence of any intent to deceive, and the corrective measures I have implemented when determining whether sanctions are appropriate and, if so, in what amount.

13. I again sincerely apologize to the Court for the citation errors and for the burden they imposed on the Court and the parties. I assure the Court that I have taken this matter seriously and have learned from it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: June 4, 2026

_Jonathan Madison_
_____
Declarant, Jonathan Madison, Esq.

3

DECLARATION OF JONATHAN MADISON