Maria C. Kao (266374)
Peter Prows (257819)
Melina Rezaei (357218)
Briscoe Prows Kao Ivester & Bazel llp
235 Montgomery Street, Suite 935
San Francisco, CA  94104
Tel (415) 402-2700
mkao@briscoefirm.com
pprows@briscoefirm.com
mrezaei@briscoefirm.com

Attorney for Defendant,
SJ 6070, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FULL STANDARD PROPERTIES, LLC,<br><br>Plaintiff,<br>v.<br>SJ 6070, LLC, and DOES 1 to 100<br><br>Defendants. | Case No. 5:25-cv-09451-BLF<br><br>**DEFENDANT SJ 6070, LLC'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR ATTORNEY FEES AND COSTS IN THE AMOUNT OF $81,218.38**<br><br>(*Only Signature Added And No Substantive Change*)<br><br>Date:    July 23, 2026<br>Time:    9:00 a.m.<br>Dept:    Courtroom 1<br>Judge:   Hon. Beth Labson Freeman |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 23, 2026 at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 1 of the above-entitled Court, defendant SJ 6070, LLC ("Defendant") will and hereby does move the Court, pursuant to the Court's May 21, 2026 order granting leave to file a

1

RENEWED MOTION FOR ATTORNEY FEES AND COSTS                    CASE NO. 5:25-cv-09451-BLF

renewed motion, for an order awarding attorneys' fees and costs to Defendant pursuant to California Code of Civil Procedure sections 1032 and 1033.5(a)(10)(A), Federal Rule of Civil Procedure 54(d), and Civil Local Rule 54-5. The amounts sought by this motion are as follows:

Court Costs: $792.38

Attorneys' Fees (October, 2025 – present): $80,426.00

TOTAL AMOUNT AWARDED: $81,218.38

This Motion is made on the grounds that Plaintiff voluntarily dismissed all claims against Defendant without any settlement or agreement to waive fees or costs. As a result, Defendant is entitled to recover its costs under California Code of Civil Procedure section 1032 and its attorneys' fees as costs pursuant to California Code of Civil Procedure section 1033.5(a)(10)(A).

The motion will be based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Maria C. Kao and supporting exhibits, the pleadings and papers on file in this action, and any oral or documentary evidence presented at the hearing.

DATED: June 24, 2026

BRISCOE PROWS KAO IVESTER & BAZEL LLP

By: _____

Maria C. Kao
Peter Prows
Melina Rezaei
Attorneys for Defendant
SJ 6070, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This action arose from Plaintiff's attempt to use litigation to interfere with a trustee's sale of real property securing a loan between the parties. Plaintiff filed this action in Santa Clara County Superior Court seeking to challenge Defendant's foreclosure efforts and obtain injunctive relief. At the time the action was filed, related federal bankruptcy proceedings concerning the Property and the parties were pending, and the bankruptcy court had previously authorized the sale of the Property. Plaintiff nevertheless sought to halt the trustee's sale through parallel litigation in California state court.

Defendant removed the action to this Court based on diversity jurisdiction. Plaintiff thereafter voluntarily dismissed all claims against Defendant without prejudice. Because this Court's jurisdiction is based on diversity, California substantive law governs Defendant's entitlement to attorneys' fees. As the dismissed defendant, Defendant is a prevailing party for purposes of costs under Code of Civil Procedure section 1032, and may recover attorneys' fees as costs when authorized by contract under Code of Civil Procedure section 1033.5(a)(10)(A).

The February 20, 2019 Loan Agreement between the parties ("Loan Agreement") broadly requires Borrower to reimburse Lender for reasonable attorneys' fees incurred in defending litigation affecting the Borrower, the Loan Documents, the Property, or the collateral securing the Loan. Plaintiff's claims fall within those provisions because they challenged Defendant's foreclosure efforts and directly affected the Property and collateral securing the Loan. Because the Loan Agreement expressly authorizes recovery of attorneys' fees, Defendant seeks to recover its reasonable attorneys' fees incurred in defending Plaintiff's improper and ultimately abandoned lawsuit. No exception to Defendant's entitlement to fees applies. This motion should be granted.

### II.    FACTUAL BACKGROUND

This action arose from a dispute concerning a loan transaction between Plaintiff and Defendant and the real property securing that loan, located at 70 South Almaden Avenue, San Jose, California. (Kao Decl. ¶ 2.) Following Plaintiff's default on a $19,500,000 commercial loan, Defendant proceeded with foreclosure efforts. (Id.) Plaintiff thereafter filed this action in Santa Clara County Superior Court while Plaintiff's Chapter 11 bankruptcy case, Case No. 25-51089, remained pending. (Kao Decl. ¶ 3.)

3

Despite the Bankruptcy Court's October 2, 2025 order granting Defendant relief from the automatic stay to foreclose on the Property, Plaintiff brought this action to halt the foreclosure. (*Id.*, Ex. B.)

The Complaint challenged Defendant's foreclosure efforts and sought, among other relief, to prevent the trustee's sale. (*Id.*) Plaintiff's Complaint asserted claims for declaratory relief, wrongful foreclosure, breach of the implied covenant of good faith and fair dealing, unfair business practices, unconscionability and rescission or reformation, intentional interference with contractual relations, accounting, and injunctive relief. Shortly after filing the Complaint, Plaintiff filed an ex parte application seeking a temporary restraining order to cancel and enjoin the trustee's sale. (Kao Decl. ¶ 4.) The application was set for hearing on October 21, 2025, and was ultimately denied. (*Id.*)

Defendant retained counsel to respond to Plaintiff's claims. Defendant's counsel was required to promptly analyze the Complaint and ex parte papers, evaluate the impact of the pending bankruptcy proceedings, research jurisdictional and procedural issues, prepare and oppose the ex parte application, and file a motion to dismiss. (Kao Decl. ¶ 5.) Defendant also removed the action to federal court based on diversity jurisdiction and had to prepare the related federal and state filings. (Kao Decl. ¶ 6.) On January 9, 2026, after Defendant had incurred substantial attorneys' fees opposing Plaintiff's claims, Plaintiff voluntarily dismissed the action without prejudice. (Kao Decl. ¶ 7.)

Following the dismissal, Defendant twice attempted to meet and confer regarding its request for attorneys' fees and costs. Defendant's counsel first contacted Plaintiff's counsel before filing the original fee motion and again before filing this renewed motion, but Plaintiff's counsel failed to respond to either request. (Kao Decl. ¶¶ 8-9, Exs. C and D.)

Defendant filed a motion seeking recovery of its contractual attorneys' fees and costs. The motion was heard on May 20, 2026. However, Plaintiff's opposition relied on non-existent authorities, wasting judicial resources and preventing adequate briefing of the governing California law. The Court therefore granted Defendant leave to file this renewed motion

### III.    ARGUMENT

**A. California Substantive Law Governs Defendant's Entitlement to Contractual Attorneys' Fees.**

In a diversity action, a federal court applies "the substantive law of the forum in which the court is located, including the forum's choice of law rules." (*First Intercontinental Bank v. Ahn* 798

4

F.3d 1149, 1153 (9th Cir. 2015).) A party's entitlement to attorneys' fees is likewise governed by state law where, as here, the underlying claims arise under state law. (*MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.* 197 F.3d 1276, 1281 (9th Cir. 1999).)

The Loan Agreement independently confirms that California law applies. Section 10.3, entitled "Governing Law, Jurisdiction and Agent for Service", provides that the Loan Agreement, Note, other Loan Documents, and obligations arising from them "shall be governed by, and construed in accordance with, the laws of the State of California." (Kao Decl. ¶ 2, Ex. A.)

Accordingly, Federal Rule of Civil Procedure 54(d)(2) and Civil Local Rule 54-5 govern the procedure for seeking an award in this Court. California law governs the substantive question whether the Loan Agreement authorizes recovery of Defendant's attorneys' fees.[1]

**B. California Law Authorizes Defendant's Recovery of Costs and Contractually Authorized Attorneys' Fees.**

A prevailing party is entitled "as a matter of right to recover costs in any action or proceeding." (CCP §1032(b).) The statute defines "prevailing party" to include "a defendant in whose favor a dismissal is entered." (CCP §1032(a)(4).) A prevailing party is entitled to recover costs as a matter of right unless otherwise expressly provided by statute. (*Id.*, subd. (b).)

Recoverable costs include attorneys' fees when authorized by contract. (CCP § 1033.5(a)(10)(A); see also CCP § 1021 [the measure and mode of attorney compensation is left to the parties' agreement except where fees are specifically provided by statute].)

Here, Plaintiff voluntarily dismissed all claims against Defendant without prejudice. (Kao Decl. ¶ 6.) Defendant is therefore a prevailing party for purposes of costs under California Code of Civil Procedure section 1032. As discussed below, the Loan Agreement authorizes recovery of Defendant's reasonable attorneys' fees. Accordingly, those fees are recoverable as costs under California Code of Civil Procedure section 1033.5, subdivision (a)(10)(A).

---

[1] In its prior motion, Defendant cited to *International Marble & Granite of Colorado, Inc. v. Congress Financial Corp.* 465 F.Supp.2d 993 (C.D. Cal. 2006), which applied state law to award attorney fees to the prevailing party in a loan dispute. At the prior hearing, the Court questioned whether the federal authorities discussed in that decision remain persuasive after *Cadkin v. Loose* 569 F.3d 1142 (9th Cir. 2009) and related federal cases addressing prevailing-party status under *federal* fee-shifting statutes. *Cadkin* applies where federal substantive law applies, but not in cases, like *International Marble* and this case, where state substantive law applies.

**C.  The Loan Agreement Authorizes Recovery of Defendant's Reasonable Attorneys' Fees.**

**1.  Section 10.13(a) Expressly Requires Borrower to Reimburse Lender for Fees Incurred Defending Litigation Affecting the Loan, Property, or Collateral.**

Article X, Section 10.13(a) of the Loan Agreement provides the contractual basis for Defendant's fee request. It requires Borrower, upon receipt of notice and demand from Lender, to pay or reimburse Lender for:

"all reasonable costs and expenses (including attorneys' fees and disbursements" incurred by Lender in connection with … (v) enforcing or preserving any rights, whether at trial or not, including appeals therefrom, in response to third party claims or the prosecuting or defending of any action or proceeding, mediation, arbitration or other litigation or administrative, proceeding, in each case against, under or affecting Borrower, Guarantor, this Agreement, the other Loan Documents, the Property, or any other security given for the Loan. . . ."

Plaintiff, the Borrower, filed this action to prevent Defendant from proceeding with the trustee's sale of the Subject Property securing the Loan. Plaintiff challenged Defendant's foreclosure efforts and asserted claims arising from Defendant's efforts to enforce its rights against the Property and collateral. Defendant had to incur attorneys' fees defending litigation "against, under or affecting" the Borrower, the Loan Documents, the Property, and the security given for the Loan, precisely the type of litigation covered by Section 10.13(a). Defendant provided Borrower with written notice and demand for reimbursement. (Kao Decl. ¶ 8, Ex. C.) Defendant is therefore entitled to recover the reasonable fees incurred in defending this action under Section 10.13(a) of the Loan Agreement.

**2.  Sections 4.1.15 and 9.2(f) Independently Confirm Borrower's Obligation to Pay Lender's Enforcement and Foreclosure-Related Fees.**

Section 4.1.15 of the Loan Agreement separately requires Borrower to pay reasonable costs and expenses, including attorneys' fees and disbursements, incurred by Lender in connection with "the administration and enforcement of this Agreement, the Mortgage, the Note, and the other Loan Documents," including attorneys' fees incurred in "any action for the foreclosure of the Mortgage and the collection of the Loan." (Kao Decl., Ex. A.)

Additionally, Section 9.2(f) expressly provides that upon the occurrence of an Event of Default, Lender may:

"accelerate maturity of the Note and any other indebtedness of Borrower to Lender, and demand payment of the principal sum due thereunder, with interest, costs and

6

attorneys' fees and expenses (including those for appellate proceedings), and enforce collection of such payment by foreclosure of the Mortgage or the enforcement of any other collateral, or other appropriate action."

Section 9.4 further provides that all enforcement rights and remedies are cumulative, and may be exercised "singly, concurrently or otherwise," and that no action taken by Lender waives any other rights or remedies available under the Loan Documents, at law, or in equity.

Together, these provisions confirm that the parties agreed Borrower would bear the reasonable fees Lender incurred in enforcing the Loan Documents and protecting its foreclosure rights, including where Borrower initiates litigation to prevent foreclosure. Plaintiff's entire complaint falls within these provisions because it was filed in response to Lender's efforts, under the Loan Agreement and Mortgage, to foreclose on the collateral for the Loan. Section 9.4 provides no exception where those fees were incurred in an action that is dismissed without prejudice. This motion should be granted.

### D. Civil Code Section 1717 Does Not Bar Defendant's Recovery of Attorneys' Fees Because Plaintiff Did Not Assert Any Causes of Action "On a Contract."

Defendant recognizes that California Civil Code section 1717(b)(2) limits recovery of fees incurred solely to defend causes of action on a contract following a voluntary dismissal.

However, the California Supreme Court has made clear that this limitation applies only to recovery of fees on contract claims, not to fees incurred defending noncontract claims covered by a contractual attorney fee clause. In *Santisas v. Goodin* 17 Cal.4th 599, 602 (1998), the Court held that "Civil Code section 1717 bars recovery of attorney fees incurred in defending contract claims, but [does not] bar[] recovery of attorney fees incurred in defending tort or other noncontract claims." (*Id.*) "Whether attorney fees incurred in defending tort or other noncontract claims are recoverable after a pretrial dismissal depends upon the terms of the contractual attorney fee provision." (*Id.*)

Here, Plaintiff did not assert any cause of action for breach of an express provision of the Loan Agreement or allege that Defendant failed to perform a contractual promise. The gravamen of the Complaint is that Defendant allegedly asked for oppressive and unconscionable renewal terms, leading to Plaintiff's default under the Loan Agreement and foreclosure of the Property. Plaintiff filed this action to interfere with the foreclosure process and prevent the trustee's sale, including by seeking

RENEWED MOTION FOR ATTORNEY FEES AND COSTS                    CASE NO. 5:25-CV-09451-BLF

emergency injunctive relief to enjoin the sale. Plaintiff did not pursue claims for breach of contract. Civil Code section 1717 does not apply.

Plaintiff's first cause of action for declaratory relief does not allege a breach of any contractual promise. Plaintiff seeks a declaration that Defendant's foreclosure efforts were "unconscionable" and that the contractual foreclosure provisions are *unenforceable*. (Complaint at ¶¶ 29-30.) A claim for a declaration that a contract is void is not a claim on the contract. Section 1717 does not apply.

Plaintiff's second cause of action for wrongful foreclosure alleges that Defendant failed to comply with statutory foreclosure requirements. (Complaint at ¶¶ 31-32.) That claim is based on alleged statutory violations, not any breach of contract.

Plaintiff's third cause of action, styled as a claim for breach of the implied covenant of good faith and fair dealing, likewise does not identify any contractual provision that Defendant allegedly breached. Plaintiff alleges that Defendant asked for terms in a *new* contract that Plaintiff did not like. (Complaint at ¶ 33.) These claims attack the fairness of the renewal terms Defendant asked for in a *new* agreement, rather than any alleged breach of a promise contained in the Loan Agreement.

Plaintiff's remaining claims are similarly based on alleged misconduct in connection with the renewal terms, default, and foreclosure process, not Defendant's failure to perform a contractual obligation. Plaintiff's fourth cause of action for unfair business practices alleges that Defendant engaged in unlawful, unfair, and fraudulent lending and foreclosure practices under a California statute. (Complaint at ¶¶ 35-36.) Plaintiff's sixth cause of action for intentional interference with contractual relations alleges that Defendant's foreclosure efforts disrupted Plaintiff's relationships with third parties. (Complaint at ¶¶ 39-40.) Plaintiff's seventh cause of action for accounting seeks a judicial determination of the amounts allegedly owed, including disputed charges, default interest, and fees. (Complaint at ¶ 41.) Finally, Plaintiff's eighth cause of action for injunctive relief seeks to restore title to Plaintiff, void the trustee's deed, and prohibit further foreclosure activity. (Complaint ¶¶ 42-43.) None of these claims arise from any alleged breach of the Loan Agreement itself.

Thus, while Plaintiff's claims arise from the broader loan transaction and foreclosure dispute, none are based on a breach of a contractual promise or seek to enforce the actual contract between the

RENEWED MOTION FOR ATTORNEY FEES AND COSTS                    CASE NO. 5:25-cv-09451-BLF

parties. Accordingly, Civil Code section 1717(b)(2) does not bar Defendant's recovery of the attorneys' fees incurred in defending this action as no action "on a contract" exists.

### E. Alternatively, Even If Certain Causes of Action Are Deemed to Be "On a Contract," Defendant Is Entitled to Recover Fees Incurred in Defending Noncontract Claims.

As discussed above, the California Supreme Court has held that, following a voluntary pretrial dismissal, section 1717 bars recovery of fees incurred to defend contract claims but does not bar recovery of fees incurred to defend tort or other noncontract claims. (*Santisas v. Goodin* 17 Cal.4th 599, 602, 615, 618-619 (1998).) Whether fees incurred in defending noncontract claims are recoverable depends on the language of the parties' agreement. (*Id*.)

*Khan v. Shim* 7 Cal.App.5th 49 (2016) is instructive. In *Khan*, the plaintiff voluntarily dismissed a complaint without prejudice that included both contract and tort claims. The Court held that Civil Code section 1717 barred fees on the contract claims but did not bar fees on the tort claims if the contractual fee provision was broad enough. The court emphasized that it had to interpret the contract the parties actually agreed to. (*Id*. at 60-61.) The contract between the parties allowed for the recovery of fees for "any litigation," "concerning" the purchase agreement's terms, its enforcement, or any litigation concerning the rights and duties of the parties in relation to the contract." (*Id*. at 61.) The court held that the tort claims fell within the scope of the provision because they concerned the terms of the purchase agreement. (*Id*.) In reaching that conclusion, the court contrasted the provision before it with narrower clauses limited to actions brought to "enforce" the terms of an agreement. (*Id*.)

The court further explained: "To be clear, Khan's torts were not, of course, breach of contract claims, nor did they directly seek to enforce the contract. . . . But because they were directly tied to the allegations that certain of the terms . . . were false, these tort claims easily fall within the reach of the fee provision covering 'any litigation . . . concerning [the contract's] terms. . . .'" (*Id*. at 62-63.)

The same reasoning applies here. As discussed in Section C above, the Loan Agreement is even broader than the provision in *Khan*. Section 10.13(a) expressly requires Borrower to reimburse Lender for all costs incurred in connection with "the prosecuting or defending of any action or proceeding, mediation, arbitration or other litigation or administrative proceeding," in each case "against, under or affecting Borrower, Guarantor, this Agreement, the other Loan Documents, the

RENEWED MOTION FOR ATTORNEY FEES AND COSTS                    CASE NO. 5:25-CV-09451-BLF

Property, or any other security given for the Loan." Section 10.13(a) is not limited to an action brought to enforce a contractual promise.

Accordingly, even if the Court determines that any portion of Plaintiff's Complaint constitutes an action "on a contract," section 1717(b)(2) does not bar Defendant from recovering its reasonable attorneys' fees incurred in defending Plaintiff's tort, statutory, and other noncontract claims.

**F. If the Court Determines That Any Claims Are "On a Contract," Apportionment Is Not Required Because Plaintiff's Contract and Noncontract Claims Are Intertwined.**

*Reynolds Metals Co. v. Alperson* 25 Cal.3d 124, 129-130 (1979), states that "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." In *Khan*, the court declined to decide the allocation issue because it had not been raised or briefed by the parties, but nevertheless directed the parties to *Reynolds* and cited the above quotation from that case. (*See Khan, supra*, 7 Cal.App.5th at 63-64.) The court recognized that whether tort and contract claims are too intertwined to permit allocation is a question for the trial court. (*Id.*)

Here, any claims that the Court determines are "on a contract" and Plaintiff's noncontract claims are based on the same alleged conduct: Defendant's pursuit of foreclosure following Plaintiff's default. The legal work required to defend the action was likewise common to all claims. Defendant's counsel was required to analyze the Complaint, evaluate the effect of the bankruptcy proceedings, respond to Plaintiff's emergency request to halt the trustee's sale, remove the action to federal court, and prepare a motion to dismiss. (Kao Decl., ¶¶ 5-7.) That work cannot reasonably be divided between contract and noncontract claims.

Accordingly, even if the Court determines that certain claims are "on a contract" for purposes of Civil Code section 1717, apportionment is not required. The Court should award Defendant all reasonable attorneys' fees incurred in defending this action.

**G. The Time Spent by Defendants' Attorneys Was Reasonable and Necessary.**

Defendant's counsel expended no less than 161.8 hours from October 2025 through present in responding to Plaintiff's Complaint. Immediately after Plaintiff filed the Complaint, Plaintiff filed an ex parte application for a temporary restraining order to cancel and enjoin the trustee's sale. (Kao Decl. ¶ 4.) This filing required Defendant's counsel to analyze Plaintiff's pleadings, evaluate the effect of

10

pending bankruptcy proceedings, research procedural and jurisdictional defects, prepare an opposition, and appear on an expedited basis. (Kao Decl. ¶ 5.) Following the ex parte proceedings, Defendant filed a motion to dismiss and later removed the action to the United States District Court, along with the required Notice of Removal, Certificate of Diversity, and related federal filings. (Kao Decl. ¶ 6.) These filings required legal research and analysis regarding federal jurisdiction and removal procedure.

Counsel's work on this matter also included communications with the client and the trustee regarding the status of the litigation, the attempted interference with the trustee's sale, and the procedural steps necessary to protect Defendant's interests. (Kao Decl. ¶ 10.) Plaintiff thereafter voluntarily dismissed the action only after Defendant had incurred attorneys' fees responding to the ex parte application and initiating federal court proceedings. (Kao Decl. ¶ 7.)

Counsel's time also included preparing Defendant's original motion for attorneys' fees and costs and this renewed motion. Because Plaintiff opposed the original motion by relying on non-existent authorities, the governing California law was not adequately briefed, requiring Defendant to incur additional fees to prepare renewed briefing. (Kao Decl. ¶ 9.) Defendant also had to prepare the attorney fee chart required by the Court's Standing Order. (Kao Decl. ¶ 19, Ex. G.)

Each of these tasks required prompt and specialized legal work. Plaintiff's decision to pursue emergency ex parte relief while related bankruptcy proceedings were pending and for Defendant to remove the action to federal court, necessitated substantial attorney involvement. The hours incurred were reasonable in light of the urgent nature of the proceedings, the jurisdictional and bankruptcy-related issues presented, the work required to halt Plaintiff's improper use of the courts to interfere with a trustee's sale and to file two separate motions to recover Defendant's attorneys' fees and costs.

**H. Lodestar Calculation.**

When a party is entitled to attorneys' fees, the amount of the award is determined according to the guidelines set forth by the court in *Serrano III*, which requires the trial court to first determine the "touchstone" or "lodestar" figure based on a "careful compilation of the time spent and reasonable hourly compensation for each attorney." 20 Cal.3d 25, 48-49 (1977). As mandated by *Serrano III*, the evidence to be offered should commence with clear proof of the crucial factors: 1) the number of hours reasonably spent by each attorney, 2) the reasonable hourly rate, and 3) a description of the work

RENEWED MOTION FOR ATTORNEY FEES AND COSTS                    CASE NO. 5:25-CV-09451-BLF

completed in that time. (*Mandel v. Lackner* 92 Cal.App.3d 747, 758-759 (1979)*; Press v. Lucky Stores, Inc.* 34 Cal.3d 311, 322 (1982).)

Defendants' counsel spent no less than 161.8 combined hours since October 2025 through the current date in defending this action. (Kao Decl. ¶ 16, Ex. F.) The attorneys' fees incurred were necessary and reasonable to protect Defendant's interests and to defend against Plaintiff's meritless filings. Pursuant to the Fee Agreement contract between Briscoe Prows Kao Ivester & Bazel LLP and Defendants, Partners bill an hourly rate of $750.00, Associate Attorneys an hourly rate of $375.00, and Legal Assistants an hourly rate of $340.00. (Kao Decl. ¶ 12.) These rates are reasonable and consistent with prevailing market rates approved by this Court in *White v. United States Army Corps of Engineers*, Case No. 22-cv-06143-JSC (N.D. Cal. Oct. 8, 2025). (Kao Decl. ¶ 15, Ex. E.) In that case, the Court applied the lodestar method and approved a $750 hourly rate for a partner at this law firm in awarding attorneys' fees. The Court analyzed prevailing Northern District market rates, attorney experience, and lodestar factors, and found that such partner rates were reasonable. (*See id*.)

Defendant incurred $87,676.00 in attorneys' fees in this matter. After crediting Plaintiff's counsel payment of $7,250.00 towards those fees, the outstanding attorneys' fees sought by Defendant are $80,426.00. As discussed in detail in Section G above, Defendant's request for attorneys' fees and the amount requested are both reasonable and recoverable under *Serrano III*.

## IV.    CONCLUSION

Defendant respectfully requests that the Court grant this motion and award attorneys' fees of $80,426.00 and costs of $792.38, or such other amount as the Court deems just and reasonable.

DATED: June 24, 2026                                          BRISCOE PROWS KAO IVESTER & BAZEL LLP

By: _____
        Maria C. Kao
        Peter Prows
        Melina Rezaei
        Attorneys for Defendant
        SJ 6070, LLC