United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FULL STANDARD PROPERTIES, LLC,

Plaintiff,

v.

SJ 6070, LLC,

Defendant.

Case No. 25-cv-09451-BLF

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS; AND DISCHARGING ORDER TO SHOW CAUSE**

[Re: ECF 33]

After defaulting on a $19,500,000 commercial loan, Plaintiff Full Standard Properties, LLC filed this action in the Santa Clara County Superior Court in an effort to derail a trustee's sale of the real property securing the loan. *See* Notice of Removal Ex. A ("Compl.") ¶¶ 12-22, ECF 1; Kao Decl. ¶¶ 2-3, ECF 33-1. Plaintiff alleged that Defendant SJ 6070, LLC, which acquired the loan from the original lender, violated California law when it foreclosed on the property. *See* Compl. ¶¶ 29-43. Defendant removed the action to federal district court on the basis of diversity of citizenship and thereafter filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Notice of Removal ¶ 5; Mot. to Dismiss, ECF 5, 13. Plaintiff responded by voluntarily dismissing the action without prejudice. *See* Notice of Dismissal, ECF 14.

Defendant seeks attorneys' fees and costs from Plaintiff under a fee-shifting provision contained in the loan agreement. *See* Def.'s Renewed Mot. for Attorney Fees, ECF 33. Plaintiff opposes the motion. *See* Pl.'s Opp., ECF 34. Defendant's motion is GRANTED IN PART AND DENIED IN PART as discussed below.

United States District Court
Northern District of California

## I. BACKGROUND

*Loan and Default*

In February 2019, Plaintiff obtained a $19,500,000 loan from nonparty Shanghai Commercial Bank, secured by real property located in San Jose, California. *See* Compl. ¶ 12. The loan was assigned to Defendant in August 2024. *See id.* ¶ 14. Plaintiff thereafter defaulted, and Defendant elected to foreclose on the property. *See id.* ¶ 21. Foreclosure proceedings were stayed upon Plaintiff's bankruptcy filing in July 2025 but were resumed after the bankruptcy stay was lifted. *See id.* ¶¶ 23-24. A foreclosure sale was scheduled for October 8, 2025. *See id.* ¶ 24.

*Plaintiff's Filing of this Action in State Court*

On October 2, 2025, Plaintiff filed this action against Defendant in state court for: (1) declaratory relief; (2) wrongful foreclosure under California Civil Code § 2924; (3) breach of the implied covenant of good faith and fair dealing; (4) unfair business practices under California Business and Professions Code § 17200 et. seq.; (5) unconscionability; rescission/reformation; (6) intentional interference with contractual relations; (7) accounting; and (8) injunctive relief. *See* Compl. ¶¶ 29-43. Plaintiff also filed an application for a temporary restraining order to enjoin the pending foreclosure sale, which was denied. *See* Kao Decl. ¶ 4, ECF 33-1. The real property was sold by foreclosure auction in October 2025. *See* Def.'s Mot. to Dismiss at 4, ECF 13.

*Defendant's Removal of Action and Plaintiff's Voluntary Dismissal*

On November 3, 2026, Defendant removed the action to federal district court based on diversity jurisdiction and filed a Rule 12(b)(6) motion to dismiss. *See* Notice of Removal, ECF 1; Mot. to Dismiss, ECF 6, 13. Plaintiff responded by voluntarily dismissing the action without prejudice. *See* Notice of Dismissal, ECF 14.

*Defendant's First Motion for Attorneys' Fees and Costs*

Defendant filed a first motion for attorneys' fees and costs pursuant to a fee-shifting provision in the loan agreement. *See* Def.'s First Mot. for Attorneys' Fees, ECF 16. Section 10.13 of the loan agreement provides in relevant part that Borrower (Plaintiff) must pay or reimburse Lender (Defendant):

> for all reasonable costs and expenses (including *attorneys' fees* and disbursements) *incurred by Lender in connection with* . . . enforcing or preserving any rights . . . in response to . . . the prosecuting or *defending of any action* or proceeding, mediation, arbitration or other litigation or administrative proceeding, in each case against, *under or affecting Borrower, Guarantor, this Agreement, the other Loan Documents, the Property, or any other security given for the Loan*[.]"

Kao Decl. Ex. A, Loan Agreement § 10.13(a) (emphasis added), ECF 33-1. Several other provisions of the loan agreement confirm the Borrower's obligation to pay all reasonable expenses, including attorneys' fees, incurred by Lender in connection with the loan agreement. *See, e.g.*, Loan Agreement §§ 4.1.15, 9.2(f), 9.4. Defendant argued that under the loan agreement and applicable California law, it is entitled to recover attorneys' fees and costs incurred in defending this action. The Court denied Defendant's motion without prejudice on the ground that neither party adequately briefed the relevant issues and authorities. *See* Order, ECF 29.

*Order to Show Cause Re Sanctions*

The Court also ordered Plaintiff's counsel to show cause why he should not be sanctioned in an amount sufficient to reimburse Defendant for expenses it incurred in addressing nonexistent cases cited by Plaintiff in opposition to the first attorneys' fees motion. *See* Order to Show Cause, ECF 30. The parties have resolved that issue informally, and Plaintiff's counsel has reimbursed Defendant for attorneys' fees in the amount of $14,500. Accordingly, the Court will discharge the order to show cause.

*Defendant's Renewed (Current) Motion for Attorneys' Fees and Costs*

Now before the Court is Defendant's renewed motion for attorneys' fees and costs. Defendant seeks $93,226 in attorneys' fees, subject to a setoff for the $14,500 in fees already paid by Plaintiff's counsel, and $792.38 in costs. *See* Kao Decl. ¶ 17; Suppl. Kao Decl. ¶ 6, ECF 37-1.

## II. LEGAL STANDARD

A party may file a motion for "attorney's fees and related nontaxable expenses" within fourteen days after entry of judgment. Fed. R. Civ. P. 54(d)(2). "Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). "[T]here must be another source of authority for such an award." *Id*. at 1281.

"Because this is a diversity case, state law governs both the right to fees and the method of calculating the fees." *Close v. Sotheby's, Inc.*, 909 F.3d 1204, 1208 (9th Cir. 2018) (internal quotation marks and citation omitted). "California permits parties to allocate attorney's fees by contract." *Berkla v. Corel Corp.*, 302 F.3d 909, 919 (9th Cir. 2002) (citing Cal. Civ. Proc. Code § 1021). "California also allows attorney's fees authorized by contract, statute, or law to be recovered as costs" by the prevailing party. *Id.* (citing Cal. Civ. Proc. Code § 1033.5(a)(10)).

If a claim for attorneys' fees is grounded in a contractual fee-shifting provision, entitlement to fees is circumscribed by California Civil Code § 1717. *See Berkla*, 302 F.3d at 919. Section 1717 provides in relevant part that:

> In any *action on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then *the party who is determined to be the party prevailing on the contract*, whether he or she is the party specified in the contract or not, *shall be entitled to reasonable attorney's fees* in addition to other costs.

Cal. Civ. Code § 1717(a) (emphasis added). "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." Cal. Civ. Proc. Code § 1717(b)(2).

Thus, attorneys' fees incurred in defending claims brought "on a contract" cannot be recovered under a fee-shifting provision contained in that contract if the action was voluntarily dismissed. *See Santisas v. Goodin*, 17 Cal. 4th 599, 602 (1998) ("We conclude that in voluntary pretrial dismissal cases, Civil Code section 1717 bars recovery of attorney fees incurred in defending contract claims[.]"). Attorneys' fees incurred in defending tort or other noncontract claims may be recovered under a contractual fee-shifting provision after voluntary dismissal of the action, however, as those fees are not barred by California Civil Code § 1717. *See id.* "Whether attorney fees incurred in defending tort or other noncontract claims are recoverable after a pretrial dismissal depends upon the terms of the contractual attorney fee provision." *Id.*

If a party is entitled to attorneys' fees, California law provides for calculation of those fees using the lodestar method. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977)).

## III. DISCUSSION

Defendant brings this motion under Federal Rule of Civil Procedure 54(d), seeking an award of attorneys' fees in the amount of $93,226 and costs in the amount of $792.38. Defendant acknowledges that any attorneys' fees award would be subject to a setoff for the $14,500 in attorneys' fees already paid to Defendant by Plaintiff's counsel. Plaintiff disputes Defendant's entitlement to attorneys' fees and, in the alternative, asks that the Court substantially reduce the fees requested by Defendant. Plaintiff does not address Defendant's request for costs.

The Court briefly addresses Defendant's request for $792.38 in costs before turning to the more substantive issues relating to Defendant's request for attorneys' fees. As noted above, Rule 54(d) allows a party to file a post-judgment motion for "attorney's fees and related nontaxable expenses." Fed. R. Civ. P. 54(d)(2). Defendant seeks "$792.38 associated with filing fees and related litigation expenses." Kao Decl. ¶ 17, ECF 33-1. Court filing fees are taxable costs and therefore do not constitute nontaxable expenses that may be recovered in an attorneys' fees motion. *See* 28 U.S.C. § 1920 (listing taxable costs). It is unclear what the "related litigation expenses" were. The Court finds that Defendant has not offered adequate support for recovery of allowable nontaxable expenses.

Defendant's motion is DENIED as to its request for costs in the amount of $792.38.

### A. Defendant is Entitled to an Award of Attorneys' Fees

California law allows parties to allocate attorneys' fees by contract and, where they have done so, allows such fees to be recovered as costs by the prevailing party. *See Berkla*, 302 F.3d at 919. Here, the parties allocated attorneys' fees by contract, specifically, the loan agreement. Section 10.13(a) of the loan agreement includes a broad fee-shifting provision that requires Plaintiff to reimburse Defendant for all attorneys' fees incurred "in connection with" the defense of any action "under or affecting Borrower, Guarantor, this Agreement, the other Loan Documents, the Property, or any other security given for the Loan[.]" Kao Decl. Ex. A, Loan Agreement § 10.13(a), ECF 33-1. That language clearly encompasses the attorneys' fees incurred by Defendant in defending the present action.

Moreover, setting aside for a moment the limitation on contractual attorney fee provisions

imposed by California Civil Code § 1717, discussed below, Defendant became the prevailing party under California law when Plaintiff voluntarily dismissed this action without prejudice. *See* Cal. Civ. Proc. Code § 1032(a)(4) ("'Prevailing party' includes . . . a defendant in whose favor a dismissal is entered[.]"); *Cano v. Glover*, 143 Cal. App. 4th 326, 331 (2006) (a defendant in whose favor a dismissal is entered is the prevailing party under California Civil Procedure Code § 1032(a)(4) whether the dismissal is with or without prejudice). Accordingly, Defendant may recover as costs any attorneys' fees authorized under the loan agreement. *See Berkla*, 302 F.3d at 919 ("California also allows attorney's fees authorized by contract, statute, or law to be recovered as costs" by the prevailing party.).

Defendant's prevailing party status and resulting right to recover attorneys' fees under the loan agreement are limited by California Civil Code § 1717. Under § 1717, there is no prevailing party in an action "on a contract" if the action is dismissed voluntarily. *See* Cal. Civ. Code § 1717(b)(2). Thus, attorneys' fees incurred in defending claims brought "on a contract" cannot be recovered under a fee-shifting provision in that contract if the action was voluntarily dismissed. *See Santisas*, 17 Cal. 4th at 602. Defendant argues that § 1717 does not apply here because none of the claims asserted in this action are brought "on a contract." Defendant correctly points out that most of the claims asserted in the complaint are either statutory or tort claims, not contract claims. Plaintiff nonetheless argues that all claims in the complaint are brought "on a contract" because they relate to the parties' obligations under the loan agreement.

"Although it has been noted that the exact reach of the term, 'on a contract,' can be difficult to discern, one test which has been distilled from the case law is to ask whether (1) the action (or cause of action) involves an agreement in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement, and (2) the agreement contains an attorney fees clause." *Khan v. Shim*, 7 Cal. App. 5th 49, 57 n.6 (2016) (internal quotation marks, citation, and brackets omitted). "In other words, a defining characteristic of an action 'on a contract' is that the cause of action must seek to define or interpret the contract's terms or to determine or enforce a party's rights or duties under the agreement." *Id*. (internal

quotation marks, citation, and brackets omitted).

In *Khan*, the appellate court applied this test to a dispute between parties to a contract involving the sale of a dental practice, which contained an attorney fee provision. *See Khan*, 7 Cal. App. 5th at 52. The plaintiff voluntarily dismissed her complaint containing both contract and tort claims without prejudice, and the trial court awarded attorneys' fees to the defendant for his defense against the complaint as a whole. *See id*. On appeal, the *Khan* court found that the award of attorneys' fees for defense of the entire action was in error, because California Civil Code § 1717 barred an award of fees for defense of the plaintiff's contract claims. *See id*. The parties agreed that the plaintiff's claims for breach of contract and rescission were on the contract for purposes of § 1717, and the *Khan* court found that position to be "in line with relevant authority." *Id*. at 57 n.6. The appellate court remanded the case with direction that the trial court should determine which fees could be awarded for defense of the tort claims alleged in the complaint, and whether the fees could be allocated between the tort claims as to which fees were recoverable and the contract claims as to which fees were not recoverable. *See id*. at 52.

Consistent with the *Khan* court's determination that the rescission claim in that case was "on a contract," this Court likewise finds that Plaintiff's Fifth Cause of Action for rescission or reformation of the loan agreement (hereinafter, "rescission claim") was "on a contract" for purposes of § 1717. However, the other substantive claims asserted in Plaintiff's complaint were not "on a contract," as they were torts or statutory claims in the nature of torts. Plaintiff argues that those claims were "on a contract" because they related to the loan agreement, which governs the parties' rights and obligations. Plaintiff also appears to argue that if the loan agreement's fee provision applies to the claims in this case, those claims should be considered "on a contract." The Court finds Plaintiff's argument to be unpersuasive. The tort and statutory claims asserted in the complaint were not "on a contract" for purposes of § 1717 merely because they related to the loan agreement and fell within the broad fee provision contained in the loan agreement. *See Santisas*, 17 Cal. 4th at 619 (§ 1717 did not apply to fraud claims relating to the contract); *Khan*, 7 Cal. App. 5th at 62 (fraud claims were not "on a contract" even though they arose out of and related to provisions of the contract).

The Court finds that Defendant is entitled to recover attorneys' fees reasonably incurred in defending all claims in the complaint other than the rescission claim (Fifth Cause of Action).

**B. Calculation of Attorneys' Fees**

The Court's next task is to determine the amount in attorneys' fees that Defendant reasonably expended in defending against Plaintiff's noncontract claims, that is, Plaintiff's claims other than the rescission claim. The Court first addresses the reasonableness of Defendant's request for $93,226 to defend the action as a whole. Next, the Court discusses how those fees should be reduced to account for the § 1717 bar on recovery of attorneys' fees for the rescission claim.

California law provides for calculation of attorneys' fees using the lodestar method, which "begins with a touchstone or lodestar, based on the 'careful compilation of time spent and reasonable hourly compensation of each attorney.'" *Ketchum*, 24 Cal. 4th at 1131-32 (quoting *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977)); *see also PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) ("[T]he fee setting inquiry in California ordinarily begins with the 'lodestar.'"). "The reasonable hourly rate is that prevailing in the community for similar work." *PLCM*, 22 Cal. 4th at 1095. "The lodestar figure may then be adjusted, based on consideration of factors specific to the case," including "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *Id*. at 1095-96.

The hours defense counsel spent on this case are set forth in a chart submitted as Exhibit G to the declaration of Defendant's counsel, Ms. Kao. *See* Kao Decl. Ex. G, ECF 33-1. The chart identifies the hours each attorney and legal secretary spent on each major task in the case and the applicable hourly billing rate. *See id*. Ms. Kao has submitted a supplemental declaration regarding additional hours spent by counsel in preparing the reply in support of the present motion and attending the hearing. *See* Suppl. Kao Decl. ¶ 5, ECF 37-1.

The Court will not award fees for clerical work performed by legal secretaries. The Court considers those tasks to be subsumed in normal overhead expenses. *See Zuegel v. Mountain View Police Dep't*, No. 17-CV-03249-BLF, 2021 WL 2808977, at *10 (N.D. Cal. July 6, 2021), aff'd,

United States District Court
Northern District of California

No. 21-16277, 2024 WL 1007500 (9th Cir. Mar. 8, 2024) (collecting cases). However, the Court is satisfied that all of the attorney time spent in defending this case is reasonable, particularly given the necessity of litigating Plaintiff's application for a temporary restraining order in the state court and filing a motion to dismiss in the district court. The Court also finds that the hourly rates charged by counsel, ranging between $375 and $750, are in line with rates charged in this community for similar work. *See t'Bear v. Forman*, No. 17-CV-00796-JSC, 2022 WL 2343037, at *4 (N.D. Cal. June 29, 2022) (collecting cases). Deducting the fees for eight hours of secretarial work ($2,720) from the total fees requested ($93,226), the Court finds that Defendant reasonably incurred $90,506 in attorneys' fees to defend this case as a whole.

At the hearing, the Court engaged in a colloquy with counsel regarding the best way to address fees related to the recission claim. The Court observed that it cannot determine from this record how many hours were spent defending the rescission claim. The Court proposed a five percent reduction in the total attorneys' fees spent defending the case to account for the rescission claim. Neither party objected to that approach. Accordingly, reducing the $90,506 in attorneys' fees incurred to defend the entire case by five percent, or $4,525.30, the Court will award Defendants reasonable attorneys' fees in the amount of $85,980.70. The award of $85,980.70 is subject to a setoff in the amount of $14,500 to reflect the attorneys' fees paid to Defendant by Plaintiff's counsel.

//

//

//

//

//

//

//

//

//

//

## IV. ORDER

(1) The Order to Show Cause issued on May 21, 2026 (ECF 30) is DISCHARGED.

(2) Defendant's renewed motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART as follows:

(a) Defendant's request for costs is DENIED.

(b) Defendant's request for attorneys' fees is GRANTED IN PART; Defendant is hereby awarded $85,980.70 in attorneys' fees to be paid by Plaintiff. This award of attorneys' fees is subject to a setoff for the $14,500 in attorneys' fees already paid to Defendant by Plaintiff's counsel.

(3) This order terminates ECF 33.

Dated: August 20, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California